UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MATTHEW FINNEGAN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>US BANK,<br><br>　　　　　　　　　　　Defendant. | Case No.: 21-cv-0620-GPC-BLM<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT**<br><br>**[ECF Nos. 1, 2]** |

Plaintiff, proceeding *pro se*, filed a Complaint and subsequently filed a Motion to Proceed *In Forma Pauperis* ("IFP Motion"). ECF Nos. 1, 2. The Court **DENIES** Plaintiff's IFP Motion and *sua sponte* **DISMISSES** the Complaint.

### PLAINTIFF'S IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a) (discussing the $350 statutory fee and $52 administrative

fee). The action may proceed despite this requirement only if the plaintiff is granted IFP status pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). The plaintiff must submit an affidavit demonstrating plaintiff's inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). The facts in the affidavit must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

      Here, Plaintiff supplied a form application to proceed IFP. ECF No. 2. However, the details provide no particularity, definiteness, or certainty as to Plaintiff's financial status. Plaintiff left the majority of the form blank, with one line indicating that he receives a monthly income of $289.15. *Id.* at 2. The employment section indicates that Plaintiff is employed, but the gross monthly pay is listed as zero, which inherently makes little sense without further explanation. *Id.* Finally, Plaintiff alleges that "Bank is holding funds hostage," *id.* at 5, but provides no explanation on the circumstances or what that statement even means. In sum, Plaintiff's filing does not give the Court adequate information from which to determine whether he is unable to pay the $402 fee.

      Accordingly, the Court **DENIES without prejudice** Plaintiff's IFP Motion, ECF No. 2. Should Plaintiff wish to proceed in this case, he must either pay the filing fee or provide a completed affidavit that shows his inability to pay the fee. Plaintiff is advised that Local Civil Rule 3.2(a) provides the requisite information to be included. The Court additionally **DIRECTS** the Clerk to provide Plaintiff with a blank copy of the Southern District of California's "Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis*."

## SUA SPONTE SCREENING

A complaint filed by any person proceeding IFP, pursuant to 28 U.S.C. § 1915(a), is additionally subject to mandatory *sua sponte* screening. The Court must review complaints filed by all persons proceeding IFP and must *sua sponte* dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that Section 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). However, while the court "ha[s] an obligation where the Plaintiff is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the Plaintiff the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v.*

*Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Moreover, the federal court is one of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Here, the Complaint is wholly deficient and fails to establish how this Court has subject matter jurisdiction. As a starting matter, there is no diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff avers otherwise, but the Complaint indicates that both Plaintiff and Defendant are citizens of California. *See* Compl. 3–4, ECF No. 1.

The only cause of action apparent in the Complaint is 15 U.S.C. § 1692d, which Plaintiff also claims is the basis for federal question jurisdiction. Section 1692d prevents a "debt collector" from engaging in any conduct "which is to harass, oppress, or abuse any person in connection with the collection of a debt," and enumerates specific incidents of prohibited conduct, such as "use of violence" or "profane language," *see, e.g.*, 15 U.S.C. § 1692d(1), (2).

Yet no part of Plaintiff's Complaint establishes how Defendant constitutes a "debt collector," which is a specific term defined in 15 U.S.C. § 1692a(6). Further, Plaintiff's Statement of Claim fails to demonstrate how Defendant's alleged acts meet any of the prohibited conduct articulated in Section 1692d. Plaintiff's conclusory remarks such as "harassing and abusing," "The defendant is in breach," "The defendant stole the entire balance," or "for the fraudulent transaction the bank itself had conducted," *see* Compl. 4,

ECF No. 1, are all rejected pursuant to the standard for an adequate pleading, discussed *supra* pages 3–4 of this Order.  In sum, the Court finds that the Complaint does not allege a colorable 15 U.S.C. § 1692d claim sufficient to invoke federal question jurisdiction. *Cf. Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'").

Because Plaintiff's Complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), and because the Court lacks subject matter jurisdiction, the Court *sua sponte* **DISMISSES** the Complaint.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* and *sua sponte* **DISMISSES** the Complaint.

Should Plaintiff wish to file an amended complaint curing the deficiencies noted above, Plaintiff must do so **within thirty (30) days** of the date of this Order.  The Clerk of Court shall mail to Plaintiff a blank copy of the Southern District of California's "Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis*."  Otherwise, the case will remain closed.

**IT IS SO ORDERED.**

Dated:  April 28, 2021

Hon. Gonzalo P. Curiel
United States District Judge